# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOHN LINBIRD DAVIS | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>USDC Case Number: CR-00-00450-001 MMC<br>BOP Case Number: DCAN300CR000450-001<br>USM Number:       95740-011<br>Defendant's Attorney :V. Roy Lefcourt, 2019 Webster St., San Francisco, CA 94115 |

**THE DEFENDANT:**
[**x**]   admitted guilt to violation of condition(s) <u>General condition</u>  of the term of supervision.
[ ]     was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | Shall not commit another Federal, state, or local crime | 2/12/2012 |

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) ___  and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:   1152 | February 29, 2012<br>Date of Imposition of Judgment |
| Defendant's Date of Birth:   1962 | |
| Defendant's USM No.:   95740-011 | *Maxine M. Chesney* (signature)<br>Signature of Judicial Officer |
| Defendant's Residence Address:<br>U.S. Marshal Service | Honorable Maxine M. Chesney, U. S. District Judge<br>Name & Title of Judicial Officer |
| Defendant's Mailing Address:<br>U.S. Marshal Service | March 1, 2012<br>Date |

DEFENDANT: JOHN LINBIRD DAVIS  
CASE NUMBER: CR-00-00450-001 MMC

Judgment - Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   Forty-Five (45) Days .

[ ] The Court makes the following recommendations to the Bureau of Prisons:

[x] The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ] The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ [] am [] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2:00 pm on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

   Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (Rev.  12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | JOHN LINBIRD DAVIS | Judgment - Page 3  of  4 |
| CASE NUMBER: | CR-00-00450-001 MMC | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Twenty-One (21) months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

 The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
[**x**]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)
[**x**]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT:      JOHN LINBIRD DAVIS | Judgment - Page 4 of 4 |
| CASE NUMBER:  CR-00-00450-001 MMC | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall abstain from the use of all alcoholic beverages.

2)
The defendant shall participate in a program of testing and treatment for drug/alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the  cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

3) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never  exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

4) The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer, or any federal, state, or local law enforcement officer, at any time, with or without probable cause or reasonable suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.